# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| LORENZO HENDERSON | CIVIL ACTION NO. 5:17-CV-423-P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| WARDEN SUMMLIN | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Lorenzo Henderson, who has been granted leave to proceed *in forma pauperis*. (Doc. 6). Henderson is a pre-trial detainee at the Claiborne Parish Detention Center in Homer, Louisiana ("CPDC"). Henderson complains that Defendants failed to protect him from harm inflicted by another inmate, and subjected him to excessive force. Henderson was ordered to amend his complaint to provide additional factual allegations regarding his claims. Henderson failed to respond to the Court's order.

Federal Rule of Civil Procedure 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order. . . ." Fed. R. Civ. P. 41(b). A district court also has the inherent authority to dismiss an action *sua sponte,* with or without notice to the parties. See Rogers v. Kroger Co., 669 F.2d 317, 319 (5th Cir. 1982) (citing Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

To date, Henderson has failed to comply with the Court's June 28, 2017 order instructing him to amend the complaint on or before July 28, 2017.

Therefore, **IT IS RECOMMENDED** that the § 1983 complaint be **DISMISSED**

**WITHOUT PREJUDICE** in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. § 636(b)(1) (c) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before rendering a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers in Monroe, Louisiana, this 12th day of September, 2017.

Karen L. Hayes
United States Magistrate Judge